MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:      2016 ME 92
Docket:        Wal-15-384
Submitted
 On Briefs:    May 26, 2016
Decided:       June 21, 2016

Panel:         ALEXANDER, GORMAN, JABAR, and HUMPHREY, JJ.

## ESTATE OF JOHN W. GILBERT

PER CURIAM

[¶1]  Judith Gilbert, individually and as the personal representative of the Estate of John W. Gilbert, appeals from an order of the Waldo County Probate Court (*Longley, J.*) ordering Judith to arrange for the auction of real estate in Lincolnville owned by the Estate.[1]  We vacate the order and remand for the court to hold a hearing on the pending motion to adopt the referee's report and objections to the report and to act on the report pursuant to M.R. Civ. P. 53(e)(2).[2]

[¶2]   These intestate probate proceedings were commenced on January 11, 2012.  Judith is John Gilbert's widow.  Nathan Gilbert, who is also a

---

[1]  Judith appeals both individually and as the Estate's personal representative; therefore, both Judith and the Estate are parties to the appeal.  Because they filed joint briefs and their positions do not differ, we refer to them collectively by Judith's name.  The Maine Department of Health and Human Services is also participating in this action attempting to enforce liens on the Lincolnville real estate to collect past-due child support.

[2]  Although we vacate the judgment and remand the matter to the Waldo County Probate Court due to an error of process, we note that this appeal is justiciable.  The death knell exception to the final judgment rule applies in a case where an interlocutory order directs the sale of real property.  *See Estate of Kingsbury*, 2008 ME 79, ¶ 5, 946 A.2d 389 ("The death knell exception provides for appellate review of an interlocutory order when substantial rights of a party will be irreparably lost if review is delayed until final judgment.").

party to these proceedings, is John's son from a prior relationship. The record reflects years of contentious litigation that preceded the July 20, 2015, order from which Judith appeals. In November 2013, upon the court's conclusion that the relationship between Judith and Nathan had "risen to the level of causing concern" that Judith would not be able to act quickly and efficiently in "the fair distribution and settlement" of the estate, the court ordered that it would supervise Judith's distribution and settlement of the estate. *See* 18-A M.R.S. §§ 1-102(b)(3), 3-501, 3-502, 3-607, 3-703(a) (2015).

[¶3] In February 2014, with the parties' agreement, the court ordered that a referee would be appointed "to propose a plan of distribution." In May 2014, the parties agreed to the appointment of a specific referee, and the court appointed the referee pursuant to M.R. Civ. P. 53(c).[3] The court order directed "this Referee to serve as referee for the final distribution phase of this estate administration (including, as may be necessary, to fix a time and place for beginning and closing any refereed proceeding(s)) and to file a summary report to this Court, with a copy to each party."

[¶4] In January 2015, the referee filed a thorough report recommending a plan to finally distribute the estate. Part of the referee's recommendation was that

---

[3] Rule 53 of the Maine Rules of Probate Procedure incorporates by reference Rule 53 of the Maine Rules of Civil Procedure.

the Lincolnville real estate be sold because the estate's remaining assets "cannot cover [its] administrative costs." Judith objected to many of the report's findings and recommendations, including that the property be sold. Nathan responded to the objections and moved the court to adopt the report. The docket and record reflect, and the parties represent, that the court has not held a hearing regarding Judith's objections and has not acted on the report. *See* M.R. Civ. P. 53(e)(2). Instead, the court continued to supervise Judith's administration of the estate by entering orders. The most recent order required Judith to arrange for the auction of the Lincolnville property.

[¶5] The Maine Rules of Probate Procedure expressly incorporate the referee procedures outlined by Maine Rule of Civil Procedure 53, "so far as applicable." M.R. Prob. P. 53. Civil Rule 53(e)(2) provides, in full:

> (2) *In Non-jury Actions*. In an action where there has been a reference by agreement, the referee's conclusions of law and findings of fact shall be subject to the right of the parties to object to acceptance of the referee's report. On waiver by all parties of the right to object to acceptance of the referee's report, the court shall forthwith enter judgment on the referee's report. Except where such waiver occurs, any party may within 10 days after being served with notice of the filing of the report serve written objections upon the other parties. Application to the court for action upon the report and upon objections thereto, if any have been served, shall be by motion and upon notice as prescribed in Rule 7(b). The court shall adopt the referee's findings of fact unless clearly erroneous. Except as otherwise provided in this paragraph (2), the court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions. If no

4

objections have been timely filed, the court shall forthwith enter judgment on the referee's report.

[¶6] Because Judith objected to the report, the court must hold a hearing on the matter. *Id.* Then, the court is required to act on the report in some fashion: the court "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." *Id.* Because the court has not yet held a hearing on Judith's objections and acted on the report, it was error for the court to continue to enter orders supervising the disposition of the estate. For this reason, we vacate the July 20 order and remand for proceedings consistent with M.R. Civ. P. 53(e)(2).[4]

The entry is:

> Order vacated. Remanded for proceedings consistent with M.R. Civ. P. 53(e)(2).

---

[4] We do not address Judith's contentions on appeal related to the July 20 order, as we vacate that order. Judith's remaining contention, regarding the denial of a motion to continue, is interlocutory.

**On the briefs:**

David Glasser, Esq., for appellant Judith Gilbert

Susan C. Thiem, Esq., Law Office of Susan C. Thiem, Lincolnville, for appellee Nathan Gilbert

Janet T. Mills, Attorney General, and Christopher C. Leighton, Asst. Atty. Gen., Office of the Attorney General, Portland, for amicus curiae Department of Health and Human Services

Waldo County Probate Court docket number 2012-3
FOR CLERK REFERENCE ONLY